UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

v.

IGOR POTEROBA,
ALEKSEY KOVAL,
ALEXANDER VOROBIEV,

        Defendants,
and

ANJALI WALTER,
TATIANA VOROBIEVA,

        Relief Defendants.

Case No. 1:10-cv-2667 (AKH)

[~~PROPOSED~~] **FINAL JUDGMENT AS TO DEFENDANT ALEXEI P. KOVAL**

The Securities and Exchange Commission having filed a Complaint and Defendant Aleksey P. Koval a/k/a Alexei P. Koval ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 14(e) of the Exchange Act [15 U.S.C. § 78n(e)] and Rule 14e-3 [17 C.F.R. § 240.14e-3] promulgated thereunder, in connection with any tender offer or request or invitation for tenders, from engaging in any fraudulent, deceptive, or manipulative act or practice, by:

    (a)    purchasing or selling or causing to be purchased or sold the securities sought or to be sought in such tender offer, securities convertible into or exchangeable for any such securities or any option or right to obtain or dispose of any of the foregoing securities while in possession of material information relating to such tender offer that Defendant knows or has

reason to know is nonpublic and knows or has reason to know has been acquired directly or indirectly from the offering person; the issuer of the securities sought or to be sought by such tender offer; or any officer, director, partner, employee or other person acting on behalf of the offering person of such issuer, unless within a reasonable time prior to any such purchase or sale such information and its source are publicly disclosed by press release or otherwise; or

(b) communicating material, nonpublic information relating to a tender offer, which Defendant knows or has reason to know is nonpublic and knows or has reason to know has been acquired directly or indirectly from the offering person; the issuer of the securities sought or to be sought by such tender offer; or any officer, director, partner, employee, advisor, or other person acting on behalf of the offering person of such issuer, to any person under circumstances in which it is reasonably foreseeable that such communication is likely to result in the purchase or sale of securities in the manner described in subparagraph (a) above, except that this paragraph shall not apply to a communication made in good faith

   (i) to the officers, directors, partners or employees of the offering person, to its advisors or to other persons, involved in the planning, financing, preparation or execution of such tender offer;

   (ii) to the issuer whose securities are sought or to be sought by such tender offer, to its officers, directors, partners,

3

       employees or advisors or to other persons involved in the planning, financing, preparation or execution of the activities of the issuer with respect to such tender offer; or

(iii) to any person pursuant to a requirement of any statute or rule or regulation promulgated thereunder.

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $1,086,457, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $159,620. Defendant's payment of disgorgement and prejudgment interest shall be deemed satisfied by the criminal forfeiture entered in a parallel criminal action titled *United States v. Alexei P. Koval*, 1:10-CR-443-01-PAC (S.D.N.Y) ("Parallel Criminal Action"). No civil penalty is being imposed in light of the Judgment entered against Defendant on May 24, 2011, in the Parallel Criminal Action, pursuant to which Defendant was sentenced to a term of imprisonment of twenty-six months and ordered to pay a criminal forfeiture of $1,414,290 ("Criminal Judgment").

### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Order Entering Preliminary Injunction Freezing Assets of Defendants and Relief Defendants and Granting Other Relief ("Injunction Order") entered by the court on April 23, 2010, is hereby lifted and extinguished as to Defendant Alexei P. Koval, and the Court ORDERS Citibank, N.A. to pay the sum of $1,520.64 from Citibank account no. xxxx3943 that was frozen pursuant to the Injunction Order to the United States Marshals Service ("USMS") in the Southern District of New York

("USMS") to be credited toward the forfeiture that was ordered in Defendant's Criminal Judgment.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, following the lifting and extinguishment of the Injunction Order, TD Ameritrade shall: (1) liquidate to cash all securities held in TD Ameritrade account no. xxx-xx4520 (the "TD Account"), frozen pursuant to the Injunction Order, as soon as practicable after receipt of the Final Judgment, in a manner solely within its discretion; and (2) pay all funds in the TD Account to the USMS to be credited toward the forfeiture that was ordered in Defendant's Criminal Judgment.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: Oct. 4, 2013

UNITED STATES DISTRICT JUDGE